## Ross, Appellant, *v.* Dewey.

*Judgment—Validity of judgment—Collateral attack—Ejectment—Res adjudicata.*

Where a person takes a deed for land subject to the lien of a judgment, and thereafter the judgment debtor fails to have the judgment opened or stricken off in proceedings for that purpose, the grantee cannot in a subsequent action of ejectment collaterally attack the validity of the judgment as against one claiming title through a sheriff's sale under the judgment.

Argued April 23, 1906. Appeal, No. 143, Jan. T., 1905, by plaintiff, from judgment of C. P. Erie Co., May T., 1904, No. 129, on verdict for defendants in case of Rosalia A. Ross v. Edwin C. Dewey and William H. Ross. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Ejectment for land in North East Borough. Before BOUTON, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

The court charged in part as follows :

The plaintiff offers in evidence, in support of her claim to the title to this land, a deed made by Eleanor B. Ross to Rosalia

A. Ross, the present plaintiff, dated December 9, 1896, and recorded March 2, 1898, in deed book 123 at page 511. It is admitted upon the record that Eleanor B. Ross is the same person named upon the records of this court as Eleanor Ross. It is further admitted, for the purposes of this case, that the common source of title to the land in controversy was in Eleanor B. Ross.

Now this, upon the face of it, uncontradicted, would make a good title in the plaintiff, but the defendants defend upon the ground that they, or one of them, Edwin C. Dewey, is the owner of the premises in dispute, having derived title thereto by virtue of a deed made by Geo. H. Barnett, sheriff of Erie county, to Dyer Loomis, acknowledged in open court, November 17, 1898, and recorded in sheriff's deed book No. 5 at page 4, and recorded in the recorder's office of Erie county in deed book 125 at page 447.

That this sheriff's deed was made and executed in pursuance of a sale made by the sheriff of these premises, by virtue of a fieri facias issued out of this court September 28, 1898, which fieri facias was issued upon a judgment of Dyer Loomis v. W. L. Ross and Eleanor Ross, entered May 20, 1895, for $731.74, which judgment was based upon an original judgment entered in this court to No. 407, November Term, 1867, entered December 26, 1867. That was revived by amicable scire facias to No. 240, May Term, 1874, on April 13, 1874. That the judgment entered May 20, 1895, was entered for an amount admitted to be due by the defendants, or one of them at least, in an affidavit of defense, filed July 8, 1890.

The plaintiff contends that the judgment had been entered for want of an affidavit of defense, and the record so shows, on July 1, 1890, upon alias scire facias 104, May Term, 1890, issued upon judgment No. 240, May Term, 1874, and that the judgment of May 20, 1895, is not sufficient foundation for the fi. fa. issued in this case, on which the sheriff sold these lands, but rather that the judgment of May 20, 1895, was a mere liquidation of the judgment entered July 1, 1890. [While so far as the records in this case show this judgment of May 20, 1895, may have been, and probably is, irregular, yet upon its face it purports to be, and is, the solemn judgment of this court and this lien was upon all the real estate owned by the de-

fendants at the time of its entry, by virtue of the statutes of Pennsylvania, to wit: from May 20, 1895, and it is of no consequence, so far as the purposes of this case are concerned, whether there was a judgment entered July 1, 1890,—whether there were two judgments entered for the same cause of action, or more than two judgments.] [1]    [This judgment upon its face was regular; it was entered by leave of this court, and hence became the solemn judgment of this court, and its effect was to bind all of the real estate owned by the defendants at the time of its entry.    Hence it followed that it was a lien upon the premises in controversy in this case, and the sale by virtue of the fi. fa. issued upon this judgment passed to the purchaser a good title to the premises in controversy; at least a good title as against the defendants in the judgment, or any person claiming title under the defendants.] [2]

[The present plaintiff, Rosalia A. Ross, purchased the premises in controversy December 9, 1896, from Eleanor B. Ross, and against whom the original judgment was entered, and against whom the judgment of May 20, 1895, stood, unimpeached, upon these records.    She therefore purchased those premises with notice that Dyer Loomis held a judgment which was a lien upon the premises which she so purchased, for the amount of the judgment, namely, $731.74, and she having notice of the entry of this judgment cannot now, in this action, void the effect of the judgment by setting up this irregularity.] [3]

There is no dispute as to the facts in this case.

As we view the case there is no question in it for the jury, except as directed by the court, and the defendants have asked us to instruct the jury " that under all the evidence in the case the verdict must be for the defendant."    [We say to you that under the law and under the evidence in this case there is nothing left for you to do but to return a verdict in favor of the defendant for the land described in the writ, and the prothonotary will so take your verdict.] [4]

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*J. Ross Thompson*, of *J. Ross Thompson & Son*, with him *J. C. & H. M. Sturgeon* and *Charles S. Burchfield*, for appellant,

cited: Sellers v. Burk, 47 Pa. 344; Fulton's Estate, 51 Pa. 204; Riott v. Blackstone, 10 Pa. Superior Ct. 591; Dietrich's App., 107 Pa. 174; Goepp v. Gartiser, 35 Pa. 130; Myers v. Boyd, 96 Pa. 427; Mackey v. Coates, 70 Pa. 350; Gray v. Coulter, 4 Pa. 188; Lewis v. Smith, 2 S. & R. 142; Com. v. Baldwin, 1 Watts, 54; Hays v. Tryon, 2 Miles, 208; Bryan v. Eaton, 4 W. N. C. 493; Kightlinger's Appeal, 101 Pa. 540; Campbell v. Floyd, 153 Pa. 84; Bolton v. Johns, 5 Pa. 145; Uhler v. Hutchinson, 23 Pa. 110; Magaw v. Garrett, 25 Pa. 319.

*Frank Gunnison,* with him *T. A. Lamb* and *M. W. Shreve,* for appellee, cited: Allison v. Rankin, 7 S. & R. 269; Milleisen v. Senseman, 4 Pa. Superior Ct. 455.

OPINION BY MR. JUSTICE POTTER, May 24, 1906:

On May 20, 1895, judgment was entered in the court of common pleas of Erie county against Eleanor B. Ross for the sum of $731.74. The title to the land which is here in dispute, was then in her, and the judgment therefore became a lien against the land. On December 9, 1896, Eleanor B. Ross conveyed the property, for a nominal consideration, to Rosalia A. Ross, the plaintiff in this case. She took it with notice of the judgment. Shortly afterwards, on December 21, 1896, Eleanor B. Ross made an application to have the judgment which had been entered against her on May 20, 1895, opened and stricken off. A rule to show cause was granted, and depositions were taken, and after hearing the rule was discharged. No appeal was taken. Execution was issued under which the land was sold, and deed delivered to the purchaser by the sheriff. By subsequent conveyance, the title became vested in the defendant, Edwin C. Dewey. In the present action of ejectment, Rosalia A. Ross, who was not a party to the original action, has attempted to question collaterally, the validity of the judgment against her grantor; she has no standing to attack the judgment in this way. There is no question as to the jurisdiction of the court over the parties, and the subject-matter, nor as to its right to adjudicate the particular matter which was decided. The judgment is admitted to have been irregular in its entry, but it cannot upon that account be attacked in a collateral pro-

ceeding. Nor can the title acquired under a sale upon a judgment which is merely erroneous be impeached collaterally. There is no suggestion of collusion between the parties in the entry of the judgment, and the whole course of procedure shows that it was adverse, and that the validity of the judgment was vigorously attacked, and strongly contested in the common pleas court. Presumably the result of the litigation was accepted as final by the defendant in the judgment. At least no appeal from the refusal to open the judgment was taken by her, and when the time for taking the appeal passed, the question of the validity of the judgment became res adjudicata.

The trial judge was entirely right in giving to the jury binding instructions in favor of the defendant. No other course was properly open to him.

The judgment is affirmed.